

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,740

### EX PARTE JOSEPH LOPEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 114-0769-05-A IN THE 114th DISTRICT COURT
### FROM SMITH COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Lopez v. State*, No. 12-05-00316-CR (Tex. App.–Tyler, delivered May 24, 2006, pet. ref'd).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance during the punishment phase of his trial because counsel failed to request pre-trial notice of the State's

experts, determine that a DEA agent would testify about methamphetamine addiction, properly object to his testimony about addiction and that 45,000 people could get high from the methamphetamine that Applicant possessed, and call an expert in rebuttal.

The trial court has determined, based upon the record, that trial counsel was ineffective and that such ineffective representation prejudiced Applicant for the reasons set out by this Court in *Ex parte Lane*, 303 S.W.3d 702 (Tex. Crim. App. 2009).[1]  Relief is granted.  The Applicant's sentence in Cause No. 114-0769-05-A in the 114th Judicial District Court of Smith County is set aside, and Applicant is remanded to the custody of the sheriff of Smith County.  The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Delivered: March 7, 2012
Do Not Publish

---

[1] Ms. Lane was Applicant's co-defendant and they were tried together.